IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


UNITED STATES OF AMERICA,

      Plaintiff/Respondent,

v.                              CIV 19-00157 MV/KBM
                               CR 03-02066 MV

BENJAMIN RAYMOND,

      Defendant/Movant.


## <u>PROPOSED FINDINGS AND RECOMMENDED DISPOSITION</u>

Pursuant to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), the

Honorable Martha Vazquez sentenced Defendant to the mandatory term of 15 years

incarceration on December 15, 2004 in the instant case. In a subsequent case on

convictions for Violent Crimes in Aid of Racketeering Activity, the Honorable M.

Christina Armijo sentenced Defendant to 150 months incarceration to run <u>consecutively</u>

to the imprisonment term imposed by Judge Vazquez. *See* CR 07-0748, Doc. 901.

Following the Supreme Court's decision in *United States v. Johnson*, 135 S. Ct.

2551 (2015), Defendant filed a Section 2255 Motion to Vacate Sentence on the basis

that his sentence had been enhanced under the ACCA by using the unconstitutionally

vague residual clause for determining whether his previous convictions qualified as

"violent felonies." *See* CIV 16-0634. When the United States conceded that *Johnson*

barred the application of the ACCA enhancement, Judge Vazquez granted the motion

and, without holding a new sentencing hearing, entered an amended judgment reflecting a time-served sentence. *See* CR 03-2066 MV, Docs. 76, 77.

Defendant has now filed a challenge to that Amended Judgment in the form of a new Motion to Vacate pursuant to 18 U.S.C. § 2255. CR 03-2066, Doc. 80; *see also* Doc. 79 ("Mr. Raymond does not need authorization to file a § 2255 motion challenging the new sentence he received after the district court granted his first § 2255 motion and resentenced him."). Judge Vazquez has referred this case to me for the preparation of a report and recommended disposition. CIV 19-0157, Doc. 9; CR 03-2066, Doc. 86.

Defendant correctly notes, and the Government concedes, that 10 years constitutes the maximum term of incarceration for Defendant's felon in possession of a firearm and ammunition conviction in this case. Because Defendant had already served more than 10 years when the Amended Judgment was filed, it exceeded the statutory maximum and is therefore an illegal sentence that must be modified.

The parties apparently disagree, however, on the applicable guideline sentencing range and appropriate term of incarceration at re-sentencing. Without any citation to authority, Defendant contends he should be re-sentenced to somewhere between 24-48 months incarceration. CIV 19-0157, Doc. 6. The United States requests re-sentencing at the high end of its calculated applicable guideline range of 77-96 months incarceration. CIV 19-0157, Doc. 8. Given this disagreement and to assure that Defendant's rights are protected,

**IT IS HEREBY RECOMMENDED** that to the extent Defendant seeks to vacate the Amended Judgment entered November 8, 2016, his motion for relief pursuant to Section 2553 be granted.

**IT IS FURTHER RECOMMENDED** that Judge Vazquez have Attorney Benjamin Gonzales, AFPD, reappointed to represent Defendant for briefing on the applicable guideline range for a new amended judgment, whether an actual hearing must be held to permit allocution by both Defendant and his counsel, and any other issues related to sentencing counsel wishes to raise.

_____
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**